**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:10cv296**

| | |
|---|---|
| AMANDA L. FIELDS,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>_____  )<br>)<br>IRA R. TROLLINGER, individually  )<br>and in his official capacity; COY W.  )<br>GIBSON, individually and in his  )<br>official capacity; SUSAN I.  )<br>WESTALL, individually and in her  )<br>official capacity; and THE  )<br>McDOWELL COUNTY BOARD OF  )<br>EDUCATION,  )<br>)<br>Defendants.  )<br>_____  ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 11]; the Magistrate Judge's Memorandum and Recommendation [Doc. 15] regarding the disposition of said motion; and the Objection to the Magistrate Judge's Memorandum and Recommendation filed by the Defendants Ira R. Trollinger, Coy W. Gibson, and Susan I. Westall in their individual capacities [Doc. 16].

**I.   PROCEDURAL BACKGROUND**

On December 20, 2010, the Plaintiff Amanda L. Fields brought this civil action against the Defendants Ira R. Trollinger, Coy W. Gibson, and Susan I. Westall, both individually and in their official capacities, and the McDowell County Board of Education ("the Board"), asserting violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and the Family Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601, *et seq.* ("FMLA").  [Doc. 1].  In addition to seeking compensatory damages and other relief, the Complaint seeks punitive damages with respect to the Plaintiff's claims under the ADA.  [Id.].

On February 1, 2011, the Defendants moved to dismiss the Plaintiff's claims on various grounds.  Specifically, the Defendants Trollinger, Gibson, and Westall (collectively "the Individual Defendants") moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the claims asserted against them in their individual capacities on the grounds that individual liability does not attach to public employees and supervisors under the ADA and FMLA.  Alternatively, the Individual Defendants moved pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Plaintiff's FMLA claim against them in their individual capacities based on the doctrine of qualified immunity.  The Board moved to dismiss all of the claims

asserted against it pursuant to Rules 12(b)(6) for failing to state a claim for which relief can be granted. The Board further moved to dismiss the Plaintiff's request for punitive damages under the ADA. [Doc. 11].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' Motion to Dismiss and to submit a recommendation for its disposition. On March 28, 2011, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Motion to Dismiss be granted in part and denied in part. Specifically, the Magistrate Judge recommended that the Motion to Dismiss should be denied with respect to the claims asserted against the Board, but that the Plaintiff's demand for punitive damages under the ADA should be stricken. The Magistrate Judge further recommended that the Motion to Dismiss be granted with respect to the Plaintiff's ADA claims against the Individual Defendants, and that the Motion be granted with respect to the Plaintiff's FMLA claims against these Defendants solely on the basis of qualified immunity. The Magistrate Judge specifically rejected the Individual Defendants' argument that they were entitled to dismissal of the FMLA claims on the grounds that the FMLA does not provide for individual liability of public employees. [Doc. 15 at 29-30].

The Individual Defendants now object to the Memorandum and Recommendation. [Doc. 16].[1] While not opposing dismissal of the causes of action asserted against them, they argue that the Magistrate Judge should have recommended dismissal of the FMLA claims on the grounds that the FMLA does not create individual liability for public employees. [Id.]. The Plaintiff has responded to the Defendants' Objection, urging the Court to adopt the Magistrate Judge's Recommendation in its entirety [Doc. 17].

Having been fully briefed, this matter is now ripe for disposition.

## II. FACTUAL BACKGROUND

The Defendants make no objection to the Factual Background portion of the Memorandum and Recommendation. Upon careful review, the Court finds that the Magistrate Judge's recitation of the relevant facts is correct. Accordingly, the Factual Background as set forth in the Memorandum and Recommendation [Doc. 15 at 1-5] is accepted and incorporated herein.

## III. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In

---

[1] The Court notes that no objections were filed as to the Magistrate Judge's Recommendation regarding the disposition of the Plaintiff's claims against the Board or the Plaintiff's ADA claims against Defendants Trollinger, Gibson, and Westall.

4

order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## IV. DISCUSSION

In their Objection, the Individual Defendants "respectfully disagree" with the Magistrate Judge's conclusions regarding individual liability under the FMLA. [Doc. 16 at 3]. In so arguing, they urge the Court to adopt the various cases cited in the memorandum of law previously filed in support of their motion to dismiss, which they incorporate by reference. [Id. at 3-4]. These type of general objections do not warrant a *de novo* review of the Magistrate Judge's reasoning. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged

5

errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation regarding the dismissal of the Plaintiff's FMLA claims.

## V.   CONCLUSION

Having conducted a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendants' Objection to the Magistrate Judge's Memorandum and Recommendation [Doc. 16] is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 15] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 11] is **ALLOWED IN PART** and **DENIED IN PART** as follows:

(1) Defendants Susan I. Westall's, Coy W. Gibson's, and Ira R. Trollinger's Motion to Dismiss the ADA claims asserted against them in their individual capacities is **ALLOWED**, and such claims are **DISMISSED WITH PREJUDICE**;

(2) Defendants Susan I. Westall's, Coy W. Gibson's, and Ira R. Trollinger's Motion to Dismiss the FMLA claim against them in their individual capacities based on qualified immunity is **GRANTED**. To the extent that this motion is based on the theory that the FMLA does not provide for individual liability of the Defendants as public school employees, the motion is **DENIED**;

(3) Defendant McDowell County Board of Education's Motion to Dismiss under Rule 12(b)(6) all claims asserted against it is **DENIED**; and

(4) Defendant McDowell County Board of Education's Motion to Dismiss the demand for punitive damages contained in Plaintiff's ADA claims is **ALLOWED**, and such demand for punitive damages against this Defendant is stricken and otherwise dismissed.

**IT IS FURTHER ORDERED** that the parties shall conduct an Initial Attorneys' Conference within fourteen (14) days of this Order and file a Certificate of Initial Attorneys' Conference with the Court within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: August 3, 2011

Martin Reidinger
United States District Judge